## John F. Wood *vs.* Timothy Corcoran.

If a minor is actually emancipated by his father, and an express promise is made to pay him for his labor, with the consent of his father, no other notice of his emancipation is necessary to entitle him to maintain an action upon the promise.

A promise by a third person to assume and pay a sum due to the plaintiff, in consideration of the discharge of the original debtor, is an original and not a collateral promise, and need not be in writing.

Contract by a minor on a promise to pay for labor on the defendant's wall. At the trial in the superior court, the plaintiff offered evidence tending to prove that, before the labor was performed, he was emancipated by his father; that his father employed him to do the labor in question; and that, after he had performed the labor, there was an agreement between him, his father and the defendant, by which he released his father from the debt, and the defendant in consideration thereof promised to pay him the amount thereof. No notice of the plaintiff's emancipation was given to the defendant or to the public. Upon this evidence, *Morton,* J., instructed the jury that the facts above stated, if proved, were sufficient evidence of the plaintiff's emancipation and of his right to maintain this action, although no notice was given thereof to the defendant or to the public; and that a promise made under the circumstances testified of was not a collateral promise to pay the debt of another, within the statute of frauds, but was an original contract upon which the defendant was liable, although not made in writing. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*A. Cottrell,* for the plaintiff.

No counsel appeared for the defendant.

Hoar, J. The verdict for the plaintiff was clearly right, and the instructions given to the jury were proper.

If the father had in fact emancipated his son, as the evidence sufficiently showed, and the defendant, with the consent of the father, expressly promised to pay the son, no other knowledge or notice of the emancipation was necessary.

The plaintiff discharged the debt due to him from his father, in consideration of the defendant's promise to pay him the amount due to him. This promise was not a promise to pay the debt of another, within the statute of frauds, but an original undertaking. The defendant promised to pay the money, not as a surety or guarantor, but as the sole debtor ; not as a collateral promise, but as a substituted promise. There was no debt of another, as soon as the defendant's promise was made. *Stone* v. *Symmes,* 18 Pick. 467; *Curtis* v. *Brown,* 5 Cush. 492 ; *Goodman* v. *Chase,* 1 B. & Ald. 297; *Butcher* v. *Steuart,* 11 M. & W. 857.

Besides; as the defendant owed the father, and the agreement was made both with him and the plaintiff, we think it operated to discharge so much of the defendant's debt to the father, and was therefore merely an agreement to pay the defendant's own debt to another person. *Exceptions overruled.*